## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Sonya Mary Streiff-Garza, | Civ. No. 16-2759 (ADM/BRT) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Mint Properties, | |
| Defendant. | |

Plaintiff Sonya Mary Streiff-Garza did not pay the filing fee for this lawsuit, but instead applied for *in forma pauperis* ("IFP") status. (*See* Doc. No. 2.) That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review of the IFP application, this Court finds that Streiff-Garza does not qualify financially for IFP status, because she has over $20,000 in checking and savings accounts from which to pay the $400.00 filing fee. Even if Streiff-Garza did qualify for IFP status, however, this action could not proceed because, as pleaded, the Court lacks subject-matter jurisdiction over this lawsuit. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Streiff-Garza alleges that Defendant Mint Properties is liable for attempted murder and rape "on a <u>grand scale</u> not seen before by the likes of <u>God</u>." (Doc. No. 1, Compl. ¶ 7 (emphasis in original).)  Streiff-Garza asserts, and this Court agrees, that her Complaint does not raise a federal question sufficient to invoke the Court's jurisdiction pursuant to 28 U.S.C. § 1331. (*Id.* ¶ 3.) Instead, Streiff-Garza alleges that the Court has jurisdiction over this action based on the parties' diversity of citizenship. (*Id.*) But a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1), and Streiff-Garza's Complaint lacks sufficient allegations from which this Court could conclude that the parties are of diverse citizenship. Indeed, Streiff-Garza does not allege which state either party is a citizen of; she lists her own citizenship as "United States" and does not list the citizenship of the Defendant.[1] (*See* Compl. ¶ 6.) These allegations are insufficient to establish jurisdiction under 28 U.S.C. § 1332(a). Finally, Streiff-Garza does not attempt to invoke any other source of original jurisdiction, and none is apparent to this Court.

The burden of establishing subject-matter jurisdiction rests upon the plaintiff. *See, e.g.*, *Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013). Streiff-Garza's Complaint falls short of raising allegations sufficient to invoke this Court's subject-

---

[1]   Although the Complaint is not conclusive in this respect, both parties appear to be citizens of Minnesota. If this is true, then Streiff-Garza will never be able to bring a claim against Mint Properties on the jurisdictional basis of diversity of citizenship. For purposes of the present Recommendation, however, it is sufficient to note that Streiff-Garza has not adequately pleaded the basis of the Court's subject-matter jurisdiction presently.

matter jurisdiction. Accordingly, it is hereby recommended that this action be dismissed without prejudice pursuant to Rule 12(h)(3) for lack of subject-matter jurisdiction.

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. This action be **SUMMARILY DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

2. Plaintiff Sonya Mary Streiff-Garza's application to proceed *in forma pauperis* (Doc. No. 2) be **DENIED**.

3. Streiff-Garza's motion to take notice (Doc. No. 3) be **DENIED AS MOOT**.

Dated: September 7, 2016                *s/ Becky R. Thorson*
                                         Becky R. Thorson
                                         United States Magistrate Judge

### NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report

and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.